UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JANICE DAVIS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | 1:09-cv-00531-TAB-DFH |
| AL PARKE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

Defendants Al Parke and Bruce Lemmon ("State Defendants"), moved to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. [Docket No. 31.] State Defendants' motion was discussed with counsel at the September 1, 2009, pretrial conference. Plaintiff conceded the motion is well taken and has filed no response in opposition.

State Defendants argue that Plaintiffs' complaint fails to state a claim upon which relief may be granted for three reasons: (1) State Defendants are not "persons" within the meaning of 42 U.S.C. § 1983; (2) Plaintiffs' complaint does not allege State Defendants were personally involved in the asserted constitutional violation; and (3) the Eleventh Amendment grants immunity from suits brought by citizens in federal courts against public officials acting in their official capacity. [Docket No. 32 at 3-5.] For the reasons set forth below, the Court grants the State Defendants' motion.

First, § 1983 states in relevant part, "Every *person* who, under the color of any statute . . .

. subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . shall be liable to the party injured in an action at law . . . ." (Emphasis added.) The Supreme Court has held the term "persons" does not include states, state agencies, and state officials sued in their official capacities. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiffs' complaint names the State Defendants because of their "act[s] under the color of State Law . . . in [the] *official capacities* . . . *of their employment*." [Docket No. 1 at 3, ¶ 7 (emphasis added).]

Second, Plaintiffs' complaint alleges no personal involvement on the part of State Defendants. [Docket No. 1.] A § 1983 claim requires allegations of personal participation in the claimed violation, either through an act or by directing the conduct which caused the alleged constitutional violation. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001); *see also Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000). Allegations of negligent supervision, without a showing of personal involvement, do not state a claim upon which relief can be granted under § 1983. *Gossmeyer v. McDonald*, 128 F.3d 481, 487 (7th Cir. 1997).

Finally, the Eleventh Amendment entitles a state and state officials to sovereign immunity from lawsuits brought by citizens in federal court. Indiana has not waived its Eleventh Amendment immunity. *Meadows v. Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988). When public officials are sued in their official capacity, it is the equivalent of suing the state itself. *Will*, 491 U.S. at 71.

Accordingly, Plaintiffs' have failed to state a claim against State Defendants upon which relief can be granted. As such, State Defendants' motion to dismiss [Docket No. 31] is granted and the claims against Defendants Al Parke and Bruce Lemmon are dismissed without prejudice.

Dated:   10/09/2009

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Corinne Gilchrist
Deputy Attorney General
Office of the Indiana Attorney General
corinne.gilchrist@atg.in.gov

Eric Beaver
Deputy Attorney General
Office of the Indiana Attorney General
eric.beaver@atg.in.gov

Robert D. King, Jr.
The Law Office of Robert D. King, Jr., P.C.
Rking@robertkinglaw.com

Carol A. Dillon
SWEETIN & BLEEKE, P.C.
carol@sweetinbleeke.com

James F. Bleeke
SWEETIN & BLEEKE, P.C.
Jim@sweetinbleeke.com